IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN JACKSON, | No.  2:21-CV-1426-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| AVILA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding with retained counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983.  A settlement conference was held on June 14, 2023, at which time the matter was resolved.  A stipulation for voluntary dismissal was filed on June 29, 2023, <u>see</u> ECF No. 43, and this matter is closed.  Pending in this closed case is Plaintiff's counsels' motion for an order regarding payment of attorney's fees out of settlement proceeds. <u>See</u> ECF No. 50.  The motion is unopposed.  <u>See</u> ECF No. 51.

Plaintiff's counsel provides the following background:

> In December 2022, Plaintiff and Plaintiff's counsel entered into a written contingency fee agreement under which Plaintiff's counsel would represent Plaintiff in the instant case in exchange for a specific percentage of any recovery obtained as attorneys' fees, depending on the stage of litigation at which the case resolved, along with reimbursement for all reasonably necessary litigation costs. (McBride Decl. ¶ 4.) The agreement further provides for a contractual lien on Plaintiff's recovery, for the amount of costs and fees owed under the agreement. (*Id.*) A copy of this agreement will be confidentially lodged with the Court via email. Pursuant

to the agreement, Plaintiff's counsel asserts a claim for a portion of the settlement funds, specifically $22,055.27 in attorney's fees and litigation costs. (*Id.*).

On June 14, 2023, the parties attended a settlement conference before the Hon. Jeremy D. Peterson, and the case settled. (ECF No. 42.) Under the terms of the settlement agreement, the case would be immediately dismissed with prejudice, and CDCR would then have 180 days to deliver the net settlement funds (the gross settlement amount less any amounts Plaintiff owned in restitution). On June 30, 2023, the Court dismissed the case with prejudice. (ECF Nos. 43, 44.)

Plaintiff's counsel understood that CDCR would issue a check for the net settlement funds made out to Plaintiff's counsel's client trust account—which is customary when a civil case is settled for money—after which Plaintiff's counsel would deduct attorneys' fees and litigation costs before distributing the remaining amount owed to Plaintiff. (McBride Decl. ¶ 5.)

On October 26, 2023, Plaintiff's counsel sent an email to defense counsel inquiring as to the status of the settlement check. (*Id.* ¶ 6.) After receiving no response, Plaintiff's counsel called defense counsel on November 2, 2023. (*Id.*) Defense counsel did not answer, but Plaintiff's counsel left a detailed voice message. (*Id.*) On February 5, 2024, after still having received no response from defense counsel regarding the status of the settlement check, Plaintiff's counsel again emailed defense counsel to get a status on the settlement payment. (*Id.*) Defense counsel finally responded, informing Plaintiff's counsel that he had been out of the office on paternity leave and that, in September 2023, CDCR had issued the check for the net settlement funds directly to Plaintiff's CDCR inmate trust account. (*Id.*) No amount had been withheld to cover attorneys' fees and litigation costs. (*Id.*)

On February 12, 2024, Plaintiff's counsel confirmed with Plaintiff that he had received the settlement funds in September 2023, and that he would immediately authorize payment from his inmate trust account to Plaintiff's counsel in the amount of $22,055.27. (Id. ¶ 7.) CDCR subsequently confirmed that a portion of the settlement funds remain in Plaintiff's inmate trust account. (Id.) CDCR also confirmed that Plaintiff has not made any effort to pay Plaintiff's counsel from his inmate trust account. (Id.) CDCR has also twice confirmed that Plaintiff was unwilling to take a confidential legal phone call from Plaintiff's counsel to discuss this matter. (Id.) Plaintiff has also, to date, failed to respond to written correspondence from Plaintiff's counsel on this issue. (Id.)

ECF No. 50, pgs. 1-3.

Plaintiff's counsel seeks the following relief:

    1.    California Department of Corrections and Rehabilitation (CDCR) to immediately freeze the balance of Plaintiff's inmate trust account (up to $22,055.27) to satisfy Plaintiff's counsel's lien for attorneys' fees and litigation costs.

    2.    Plaintiff's counsel to provide notice to Plaintiff of the Court's order via U.S. mail.

///

    3. If an objection by Plaintiff to the Court's order is received within 30 days of the order, the Court will issue additional orders as appropriate to resolve the objection.

    4. If no objection by Plaintiff to the Court's order is received by the Court within 30 days of the order, CDCR shall (without further order of the Court) transfer all available funds in Plaintiff's inmate trust account, up to $22,055.27, to Plaintiff's counsel via check made out to Brody McBride Law, APC, and mailed to 2011 Palomar Airport Road, Suite 101, Carlsbad, CA 92011.

This Court retains jurisdiction to enforce the terms of the settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381 (1994). Here, the Plaintiff and counsel entered into an enforceable attorney/client agreement for representation in this case. The matter was later successfully resolved at a settlement conference, which resulted in an enforceable settlement agreement as well as, ultimately, a stipulated voluntary dismissal. The Attorney's General's office has indicated that the California Department of Corrections and Rehabilitation has no opposition or objection to the relief requested by counsel, which the Court finds to be appropriate in order to enforce the settlement.

  Accordingly, IT IS HEREBY ORDERED as follows:

  1. Plaintiff's counsel's motion for disbursement of settlement proceeds to satisfy an attorney's lien, ECF No. 50, is granted.

  2. The California Department of Corrections and Rehabilitation to immediately freeze the balance of Plaintiff's inmate trust account (up to $22,055.27) to satisfy Plaintiff's counsel's lien for attorney fees and litigation costs.

  3. Within 15 days of the date of this order, Plaintiff's counsel shall provide a copy of this order to Plaintiff via U.S. mail and file a proof of service thereof to the Court.

  4. Plaintiff may file objections to this order within 45 days of the date of this order.

/ / /

/ / /

/ / /

/ / /

3

      5.      If no objections are filed within the time provided therefor, the California Department of Corrections and Rehabilitation shall (without further order of the Court) transfer all available funds in Plaintiff's inmate trust account, up to $22,055.27, to Plaintiff's counsel via check made out to Brody McBride Law, APC, and mailed to 2011 Palomar Airport Road, Suite 101, Carlsbad, CA 92011.

Dated: March 3, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE